No. 25-5328

*In the*

# United States Court of Appeals
## for the
## District of Columbia Circuit

Advanced Medical Technology Association, *et al.*,

*Plaintiffs-Appellants*,

– v. –

Library of Congress, *et al.*,

*Defendants-Appellees.*

**APPELLANTS' STATEMENT OF ISSUES TO BE RAISED AND CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

Appellants Advanced Medical Technology Association and Medical Imaging & Technology Alliance submit the following certification of issues, parties, rulings, and related cases.

**A.    Issue to be raised**

The issue to be raised in this appeal is whether the DMCA exemption codified at 37 C.F.R. § 201.40(b)(17), permitting the circumvention of technological protective measures for copyrighted software used for servicing and repairing medical devices, violates the APA because it is arbitrary and capricious, not in accordance with law, or in excess of statutory authority or limitation. *See* 5 U.S.C. § 706.

1

### B. Parties and amici

The plaintiffs-appellants are Medical Imaging & Technology Alliance and Advanced Medical Technology Association.

The defendants-appellees are the Library of Congress and either Todd Blanche or Robert Newlen in his official capacity as Acting Librarian of Congress.[1]

---

[1] The identity of the Acting Librarian is the disputed subject of separate litigation. *See Perlmutter v. Blanche*, D.D.C. No. 1:25-cv-1659 (complaint filed May 22, 2025). President Trump removed Carla Hayden as Librarian on May 8, 2025, and soon thereafter announced that Deputy Attorney General Todd Blanche shall serve as Acting Librarian the Federal Vacancies Reform Act (FVRA). At least two judges of this Court have concluded, however, that the FVRA does not apply to the Library and "Blanche's purported appointment to serve as Acting Librarian of Congress was likely unlawful." *Perlmutter v. Blanche*, 2025 WL 2627965, at *5 (D.C. Cir. 2025) (Pan, J., concurring, joined by Childs, J.).

Section 136 of Title 2 of the U.S. Code authorizes the Librarian of Congress to "make rules and regulations for the government of the Library." Duly exercising that authority, the Librarian long ago promulgated Library of Congress Regulation 1-120, which governs "the succession to the duties of Acting Librarian in the Librarian's absence." L.C.R. § 1-120(1). Paragraph 2 of that regulation specifies that "[t]he succession to the duties of Acting Librarian shall be" first to "the Principal Deputy Librarian" and to other officials within the Library only upon the Principal Deputy Librarian's unavailability. In the absence of a Senate-confirmed replacement, some judges of this Court have concluded that "the interim Principal Deputy Librarian, Robert R. Newlen, replaced Hayden as Acting Librarian of Congress." *Perlmutter*, 2025 WL 2627965, at *2 (Pan, J., concurring, joined by Childs, J.).

## C.    Rulings under review

The ruling under review is the district court's July 21, 2023 order in No. 1:22-cv-499 at Dkt. 48, as well as the memorandum opinion at Dkt. 49 and final judgment at Dkt. 50.

## D.    Related Cases

This case was previously before this Court, which reversed the district court's earlier dismissal. *See Medical Imaging & Technology Alliance, et al. v. Library of Congress*, 103 F.4th 830, 840 n.4 (D.C. Cir. 2024). We are unaware of any related cases currently pending in this Court or any other court.

Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly
   *Winston & Strawn LLP*
   *1901 L Street NW*
   *Washington, DC 20036*
   *(202) 282-5096*
   *mkimberly@winston.com*

*Counsel for Plaintiff-Appellant Alignment Healthcare, Inc.*

Dated: October 8, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that that on October 8, 2025, the foregoing motion was served on all parties or their counsel of record through the CM/ECF system.

Dated: October 8, 2025            /s/ *Michael B. Kimberly*