No. 25-5328

*In the*

# United States Court of Appeals
*for the*
# District of Columbia Circuit

---

ADVANCED MEDICAL TECHNOLOGY ASSOCIATION, *et al.*,

*Plaintiffs-Appellants*,

– v. –

LIBRARY OF CONGRESS, *et al.*,

*Defendants-Appellees*.

---

**APPELLANTS' MOTION TO ESTABLISH A BRIEFING SCHEDULE
AND TO HOLD ORAL ARGUMENT IN MARCH 2026**

---

Pursuant to Rules 27 and 31(a)(2), appellants respectfully move for an order establishing a briefing schedule and setting this appeal for oral argument during the month of March 2025 or at the Court's earliest convenience thereafter. Good cause exists for the relief requested, to which defendants consent. In support of this motion, appellants state as follows.

### BACKGROUND

**1.** Owners of digital copyrighted content frequently use technological protective measures (TPMs) to control access to their digital works. The Digital Millennium Copyright Act (DMCA) makes circumvention of TPMs to access copyrighted code unlawful. At the same time, Congress authorized the

1

Library of Congress to engage in periodic rulemakings—to take place every three years—to establish (or renew, withdraw, or revise) selective exemptions to the prohibition on circumvention of TPMs.

This case concerns a final rule that the Library adopted under this framework, granting a waiver from DMCA liability for the circumvention of TPMs that protect copyrighted software used for servicing and repairing complex medical devices. The exemption is codified at 37 C.F.R. § 201.40(b)(17) and went into effect in October 2021. It was renewed in October 2024.

**2.** Appellants filed suit challenging the exemption in February 2022. The complaint alleges that the defendants violated the Administrative Procedure Act (APA) in granting the exemption, principally because the proposed uses for the exemption are a for-profit, non-transformative uses that do not qualify as a "fair" use, as required by the DMCA.

The district court initially dismissed for lack of jurisdiction, but this Court reversed and remanded. *See Medical Imaging & Technology Alliance v. Library of Congress*, 103 F.4th 830 (D.C. Cir. 2024).

On remand, plaintiffs filed an amended complaint and the parties filed renewed dispositive motions. The district court denied plaintiffs' motion and granted the Library's, entering judgment for defendants on July 21, 2025. The district court held that the proposed exempt uses likely are non-infringing and thus that the Library did not violate the APA in adopting the exemption.

**ARGUMENT**

Absent modest expedition of this appeal, there is a risk that mootness questions will arise in later stages of the case, as they did following the first appeal and remand. Congress requires the Library to grant exemptions for three-year periods, necessitating new rulemakings every three years. *See* 17 U.S.C. § 1201(a)(1)(C). The initial exemption here was adopted during the eighth triennial DMCA rulemaking, which concluded in October 2021. Following remand, and before the parties could complete their re-briefing in the district court, the Library completed the ninth triennial rulemaking in October 2024. This development required an amended complaint and reset the merits briefing, at substantial cost and complication to the parties and court.

The Library typically begins each rulemaking in the summer of the second year following its prior rulemaking, which in this case is June 2026. The rulemaking will be substantively complete by August 2027 and take effect in October 2027. Appellants therefore submit that modest expedition of this appeal is needed to ensure that neither the parties nor the Library undertake a new (tenth) triennial rulemaking without clear and final guidance from this Court on the fair-use question. To that end, appellants respectfully request a briefing schedule that accommodates the holding of oral argument in March 2026 or as soon as possible thereafter, and permits the Court to issue a final decision in calendar year 2026.

Appellants accordingly proposes the following briefing schedule:

- Opening Brief due **November 7, 2025**
- Response Brief due **January 9, 2026**
- Reply Brief due **February 6, 2025**

This proposed schedule accommodates undersigned and opposing counsel's intervening holiday plans, other filing deadlines, and oral argument dates in other cases. Immediately prior to the lapse in government funding on October 1, 2025, opposing counsel conveyed defendants' consent to this proposed schedule.

Appellants further move the Court to schedule oral argument in March 2026 or as soon as possible thereafter, which the Library does not oppose.

## CONCLUSION

For these reasons, the Court should set a briefing schedule as follows: Opening Brief due **November 7, 2025**; Response Brief due **January 9, 2026**; Reply Brief due **February 6, 2025**. It should then set the oral argument for March 2026 or as early as possible thereafter.

Respectfully submitted,

/s/ *Michael B. Kimberly*

MICHAEL B. KIMBERLY
 *Winston & Strawn LLP
 1901 L Street NW
 Washington, DC 20036
 (202) 282-5096
 mkimberly@winston.com*

*Counsel for Plaintiff-Appellant Alignment Healthcare, Inc.*

Dated: October 8, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), undersigned counsel certifies that this motion:

(i) complies with the type-volume limitation of Rule 27(d)(2) because it contains 692 words, including footnotes and excluding the parts of the motion exempted by Rule 23(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it is typeset in Century Supra font in 14 points.

Dated: October 8, 2025 /s/ *Michael B. Kimberly*

# CERTIFICATE OF SERVICE

I hereby certify that that on October 8, 2025, the foregoing motion was served on all parties or their counsel of record through the CM/ECF system.

Dated: October 8, 2025 /s/ *Michael B. Kimberly*