No. 25-5328

*In the*

# United States Court of Appeals
*for the*
## District of Columbia Circuit

ADVANCED MEDICAL TECHNOLOGY ASSOCIATION, *et al.*,

*Plaintiffs-Appellants,*

– v. –

LIBRARY OF CONGRESS, *et al.*,

*Defendants-Appellees.*

**APPELLANTS' UNOPPOSED MOTION
TO RESCHEDULE ORAL ARGUMENT FOR THIS TERM
OR ALTERNATIVELY AT A SPECIAL SUMMER SESSION**

Pursuant to Rules 27 and 31(a)(2), appellants the Advanced Medical Technology Association and Medical Imaging & Technology Alliance respectfully move for an order rescheduling oral argument in this matter for a date during this Term, or alternatively at a special summer argument session as soon as possible after the conclusion of this Term. The government appellees do not oppose this request.

In support of this motion, appellants state as follows:

**BACKGROUND**

This case involves recurring, triennial rulemakings by the Librarian of Congress under the Digital Millenium Copyright Act. It is a challenge to the adoption by the Librarian in the Eighth Triennial Rulemaking (concluded in October 2021) of an exemption from DMCA liability for circumvention of technological measures that protect electronic documents, files, and software programs created by equipment manufacturers to service complex medical devices—what we refer to as the Medical Devices Exemption.

When this lawsuit was first commenced in February 2022, appellants stressed that both their ongoing harms from exposure of their copyrighted works to the public and the recurring nature of the triennial rulemakings warranted relatively expedited treatment of the case. *See, e.g.*, Motion to Set a Briefing Schedule ¶¶ 11-12 (Dist. Ct. Dkt. 11) (March 29, 2022). The district court agreed and thus granted an accelerated briefing schedule. *See* April 7, 2022, Minute Order. The parties completed cross-dispositive-motions briefing in under three months, by June 2022. The district court issued an opinion dismissing the case on sovereign immunity grounds eight months later. *See* 2023 WL 2387760 (D.D.C. March 7, 2023).

Appellants immediately noticed a first appeal, which was docketed at No. 23-5067. In later seeking an expedited oral argument in the first appeal, we explained that, "[a]bsent prompt oral argument, there is a risk that moot-

ness questions will arise in later stages of the case" because the DMCA "requires the Library to grant exemptions for three-year periods, necessitating new rulemakings every three years." *See* Renewed and Unopposed Motion to Schedule Oral Argument for September 2023, at 3 (No. 23-5067) (July 26, 2023). This Court granted the motion in substantial part, scheduling oral argument for October 5, 2023.

This Court entered judgment reversing the district court on June 7, 2024, remanding the case to the district court for resolution of the merits of appellants' claims in the first instance. *See* 103 F.3d 830. But by this time, the Ninth Triennial Rulemaking was just weeks from being finalized. And as appellants anticipated, the government relayed its intent to argue that readoption of the Medical Devices Exemption in Ninth Rulemaking would moot appellants' challenge to its original adoption in the Eighth Rulemaking. To forestall a mootness challenge, appellants agreed to await the finalization of the Ninth Rule and to amend their complaint to include a challenge to the readoption of the Exemption in the Ninth Rulemaking.

Following the finalization of the Ninth Rulemaking, the filing of an amended complaint, and new briefing on cross-dispositive motions, the district court entered judgment for the Librarian on the merits. *See* 2025 WL 2029804 (D.D.C. July 21, 2025).

Appellants noticed the present appeal. We negotiated an accelerated briefing schedule with opposing counsel and once again filed a motion for accelerated oral argument, requesting an argument date in March 2026. As before, the motion explained that the upcoming DMCA rulemaking—this time, the Tenth—will commence in June 2026 and be substantively complete by August 2027. *See* Motion to Establish a Briefing Schedule and to Hold Oral Argument in March 2026 (October 8, 2025). We requested modest expedition of the oral argument "to ensure that neither the parties nor the Library undertake a new (tenth) triennial rulemaking without clear and final guidance from this Court on the fair-use question." *See id*. at 3.

The Court granted the request, and oral argument originally was scheduled to take place on March 24, 2026. But on March 20, 2026, and on its own motion, the Court postponed the oral argument "pending further order of the court" and directed the Clerk of the Court "to reschedule this case for oral argument as soon as the business of the court permits." Communications with the Clerk's Office in the time since suggest that, absent an order granting the relief requested, oral argument may be delayed by greater than five months, to the commencement of the Court's next Term in September 2026.

**ARGUMENT**

Appellants respectfully renew their request that the Court expedite oral argument in this case, scheduling a hearing as soon as possible this Term. If

the Court were to delay oral argument to next Term—to September 2026 at the earliest—it would again introduce the substantial risk that the government will argue mootness if the appeal is not decided by summer 2027, when the Tenth Rulemaking concludes. And although we do not anticipate the need for a substantive remand to the district court at this time, if this Court determines that further proceedings are required, it would also virtually guarantee another reset of the lawsuit with another amendment of the complaint, this time adding the Tenth Rulemaking to the case.

More generally, the Tenth Rulemaking will commence with a notice of inquiry in just two months' time. Appellants, the public, and the Librarian all need this Court's guidance on the questions presented in this appeal, lest substantial steps in the Tenth Rulemaking proceed according to the Librarian's prior (and significant) errors of law, which entitle appellants to relief.

Beyond that, appellants have tolerated for longer than four years the repeated, ongoing violations of their copyrights, as ostensibly authorized by the Medical Devices Exemption. All the while, patient safety and their substantial investments in research and development have been undermined.

Against this background, a five-month delay in oral argument would be highly prejudicial to the parties and the public. Appellants thus respectfully request an argument date this Term. The parties have conveyed their availability for the remainder of the Term to the Clerk's Office.

If the Court is unable to accommodate appellants' request that oral argument be heard this Term, appellants respectfully move in the alternative for an order setting oral argument during a special summer session to take place as soon as the Court's schedule allows.[1]

**CONCLUSION**

The Court, respectfully, should set the oral argument for later this Term or as early as possible thereafter during a special summer session.

Respectfully submitted,

/s/ *Michael B. Kimberly*

MICHAEL ELKIN
  *Winston & Strawn LLP*
  *200 Park Avenue*
  *New York, NY 10166*
  *212) 294-6729*

THOMAS KEARNEY
  *Winston & Strawn LLP*
  *101 California Street, 21st Floor*
  *San Francisco, CA 94111*
  (415) 591-6894

MICHAEL B. KIMBERLY
  *Winston & Strawn LLP*
  *1901 L Street NW*
  *Washington, DC 20036*
  *(202) 282-5096*
  *mkimberly@winston.com*

Dated: April 3, 2026

---

[1] Counsel for the appellees has informed undersigned counsel that she is unavailable June 1-5, June 18-29, August 3-10, and August 17-19. Undersigned counsel is additionally unavailable August 1-2 and August 27-28.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), undersigned counsel for appellant certifies that this brief:

(i) complies with the type-volume limitation of Circuit Rule 27(d)(2) because it contains 1,082 words excluding the parts of the brief exempted by Rule 32(f); and

(ii) complies with the typeface and type style requirements of Rule 32(a) because it is typeset in Century Supra font in 14 points.

Dated: April 3, 2026 /s/ *Michael B. Kimberly*

## CERTIFICATE OF SERVICE

Undersigned counsel for appellant certifies that on this date, the foregoing document was served electronically via the Court's CM/ECF system upon all counsel of record.

Dated: April 3, 2026 /s/ *Michael B. Kimberly*